IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN REID,
   Plaintiff

vs.

GEORGE PATRICK, Correctional
Superintendent; BRITTON, Correctional
Deputy Superintendent; CORRECTIONAL
SECURITY LIEUTENANT
BRUMBAUGH; CORRECTIONAL
LIEUTENANT SHEA; CORRECTIONAL
SERGEANT MOONEY; HEARING
EXAMINER ROBERT REED;
CORRECTIONAL LIBRARIAN BOB
PARKS; CORRECTIONAL LIBRARIAN
ROANE C. LYTLE; CORRECTIONAL
OFFICER HANNAH; CORRECTIONAL
OFFICER McGARVEY; CORRECTIONAL
OFFICER TURNER; CORRECTIONAL
OFFICER PARKS; CORRECTIONAL
LIEUTENANT HORTON;
CORRECTIONAL LIEUTENANT
MILLER; CORRECTIONAL OFFICER
STOWINTSKIE; CORRECTIONAL
OFFICER FERGESON; CORRECTIONAL
OFFICER JOHN DOE I; CORRECTIONAL
OFFICER JOHN DOE II;
CORRECTIONAL OFFICER JOHN DOE
III; CORRECTIONAL MEDICAL
DOCTOR NAJI, PHD.,
   Defendants

Civil Action No. 07-334J
Judge Nora Barry Fischer/
Magistrate Judge Amy Reynolds Hay

REPORT AND RECOMMENDATION

I. Recommendation

  It is respectfully recommended that the amended complaint in the above-captioned case, Dkt. [9], be dismissed for failure to prosecute.

II.     Report

The plaintiff, Steven Reid, has presented a civil rights complaint against the above-captioned defendants. In his amended complaint, plaintiff alleges various constitutional rights violations against the defendants, including, inter alia, use of excessive force and failure to protect while Plaintiff was a prisoner at the State Correctional Institution at Houtzdale, Pennsylvania.

On March 18, 2008, this Court issued an order directing plaintiff to submit a document containing the complete caption of the case, listing each and every defendant he intended to name in the lawsuit, because the Amended Complaint contained averments about individuals who were not previously named as defendants in the original complaint. As well, plaintiff was ordered to submit sufficient service papers for each and every defendant. Plaintiff requested and was granted an enlargement of time, that is, until April 4, 2008, in which to comply with the Court's order. When plaintiff failed to comply, the Court issued an Order to Show Cause why his case should not be dismissed upon his failure to prosecute, returnable by June 20, 2008. To date, plaintiff has failed to respond to either of the Court's orders.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)     The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders, which weighs heavily against him. Because he is proceeding pro se, it is plaintiff's sole responsibility to prosecute his case and comply with the Court's orders. Plaintiff's failure to do so for these past several months appears willful and constitutes a history of dilatoriness.[1]

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- since service has not been effected, there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff,

---

[1] The Court takes judicial notice of the reports in the Scranton *Times-Tribune*, dated June 27, 2008, and June 29, 2008, that plaintiff is wanted by the police in connection with a shooting in Scranton, Pennsylvania, on June 23, 2008. Plaintiff is wanted on charges of criminal attempt to commit murder, criminal conspiracy to commit murder, criminal conspiracy to commit aggravated assault and aggravated assault and remains a fugitive. See

http://www.thetimes-tribune.com/site/printerFriendly.cfm?brd=2185&dept_id=590572&newsid=19809098

and

http://www.thetimes-tribune.com/site/index.cfm?newsid=19813871&BRD=2185&PAG=461&dept_id=590572&rfi=8

Thus, it does not appear that the Court can reasonably expect to hear from plaintiff on this matter in the near future.

although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Additionally, because it now appears that plaintiff is a fugitive and contact with him seems unlikely, it is not clear that the plaintiff has any serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by July 18, 2008 , in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 30 June, 2008

cc: Hon. Nora Barry Fischer
United States District Judge

Steven Reid
307 Neptune Place
Scranton, PA 18505